UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID RICKER,<br><br>    Plaintiff,<br><br> v.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:21-CV-00467<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

  This is a civil rights action initiated upon the filing of a complaint by Plaintiff David Ricker ("Ricker") on March 16, 2021. (Doc. 1). Ricker's complaint asserts claims against Defendants Pennsylvania Department of Corrections (the "DOC"), CJ McKeown, LPN Pieczynski, and John and Jane Doe I-V (collectively, "Defendants") under 42 U.S.C. § 1983 for violations of the due process clause of the Fourteenth Amendment and a state law defamation claim. (Doc. 1, at 2-6). Ricker alleges that he was stripped of his eligibility for the Recidivism Risk Reduction Incentive ("RRRI") due to a false misconduct charge and an unjust misconduct hearing while he was incarcerated at State Correctional Institution at Dallas ("SCI-Dallas"). (Doc. 1, at 3-4). At the time of filing, Ricker was incarcerated at State Correctional Institution at Pine Grove ("SCI-Pine Grove") in Indiana County, Pennsylvania. (Doc. 1, at 2). The parties have consented to the undersigned's jurisdiction to handle proceedings in this matter. (Doc. 12). Now pending before the Court is a motion to dismiss filed by Defendants. (Doc. 6). For the reasons stated herein, Defendants' Motion to Dismiss shall be **GRANTED** in part and **DENIED** in part. (Doc. 6).

I. **BACKGROUND AND PROCEDURAL HISTORY**

Ricker filed the complaint in this matter on March 16, 2021, alleging a violation of his constitutional rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, *Monell* liability, and a claim for defamation. (Doc. 1, at 4-6). In his complaint, Ricker asserts that he was sentenced on October 26, 2017, in the Court of Common Pleas of Dauphin County (the "County Court") to serve 60 to 120 months for aggravated assault. (Doc. 1, at 3). Upon his sentence the County Court granted Ricker RRRI, which permits inmates to reduce their sentence if they complete programs and do not receive any misconduct violations during their incarceration. (Doc. 1, at 3). On May 30, 2020, Ricker was charged with a misconduct violation for assault and sexual harassment. (Doc. 1, at 3). Ricker states that the violation arose from a false claim by Defendant Pieczynski. (Doc. 1, at 3). In preparation for his misconduct hearing, Ricker submitted paperwork to allow another inmate to assist him because Ricker is hearing impaired and to allow three other inmates to testify on Ricker's behalf. (Doc. 1, at 3). Ricker states that Defendant McKeown, the hearing examiner in charge of conducting Ricker's hearing, signed Ricker's request. (Doc. 1, at 3). On June 1, 2020, Ricker's misconduct hearing was held and he pled not guilty. (Doc. 1, at 4). Ricker asserts that Defendant McKeown and the John Doe Defendants "refused to allow [him] an accommodation for his disability and refused to allow any of [his] witnesses to testify" and that Ricker was unable to "effectively defend himself" due to Defendants' refusal. (Doc. 1, at 4). Ricker was found guilty of the misconduct and was subsequently precluded from RRRI increasing his minimum sentence from 45 months to 60 months. (Doc. 1, at 4).

Defendants filed a motion to dismiss on July 26, 2021. (Doc. 6). In their motion, Defendants assert that Ricker has failed to state a claim or assert *Monell* liability against the

DOC, that Ricker cannot assert a claim based on "a hypothetical denial of parole," and that Ricker's "defamation claim is barred by sovereign immunity." (Doc. 7, at 5-12). The motion has been fully briefed and is ripe for disposition. (Doc. 6; Doc. 7; Doc. 15; Doc. 18).

II. **LEGAL STANDARD**

Defendants seek to dismiss Ricker's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 6). Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal

conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

### III. DISCUSSION

Defendants submit three grounds for dismissal pursuant to Rule 12(b)(6). (Doc. 7, at 5-11). First, Defendants argue that Defendant DOC is not a person and is entitled to eleventh amendment immunity barring Ricker's *Monell* liability claim. (Doc. 7, at 5-6). Second, Defendants aver that Ricker's cause of action regarding "a hypothetical denial of parole" is improper because the subject of parole is not permitted in a § 1983 action, his claim is barred

by the favorable termination rule in *Heck v. Humphrey* and he does not have a right to parole. (Doc. 7, at 7-11). Finally, Defendants state that Ricker cannot present a defamation claim against Defendant Pieczynski because she is protected by sovereign immunity. (Doc. 7, at 11). In response, Ricker contends that he can assert a claim against Defendant DOC because he seeks injunctive relief, that he has sufficiently stated a claim under the Fourteenth Amendment because he asserts that he has been denied parole eligibility, and that Defendant Pieczynski is not protected by sovereign immunity because she acted with willful misconduct. (Doc. 15, at 5-10).

    A. *MONELL* LIABILITY AND ELEVENTH AMENDMENT IMMUNITY

Ricker asserts a claim against Defendant DOC through *Monell* Liability, stating that "Defendant DOC developed, implemented, approved, and/or maintained several deficient customs, policies, and/or practices at SCI Dallas with deliberate indifference, including a failure to train its hearing officers in regard to inmates' right to call witnesses and to have accommodations for their disabilities at misconduct hearings." (Doc. 1, at 5). Additionally, Ricker asserts that "Defendant DOC maintains a custom and policy at SCI Dallas of depriving inmates of the right to call witnesses and their right to have accommodations for disabilities at misconduct hearings with deliberate indifference." (Doc. 1, at 6). Defendants argue that Ricker's claims are barred as Defendant DOC is not considered a person under § 1983 and that Defendant DOC is entitled to Eleventh Amendment immunity. (Doc. 7, at 5). Ricker responds that he is seeking injunctive relief, as opposed to monetary damages, against Defendant DOC which prevents it from invoking Eleventh Amendment immunity and thus Defendant DOC should be considered "a person for *Monell* purposes." (Doc. 15, at 5).

Under *Monell*, a municipality may be held liable when the execution of a policy or custom of such municipality or corporation "inflicts the injury" for which the plaintiff seeks redress. *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 694 (1978); *see Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003). However, it is well settled, that the holding in *Monell* does not extend to "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Defendant DOC is a "part of the executive department of the Commonwealth of Pennsylvania [and] it shares in the Commonwealth's Eleventh Amendment immunity." *See Walker v. Beard*, 244 F. App'x 439, 440 (3d Cir. 2007); *Lavia v. Pennsylvania Dep't of Corrections*, 224 F.3d 190, 195 (3d Cir. 2000). The Eleventh Amendment "bars suits brought in federal court against states and their agencies." *O'Donnell v. Pennsylvania Dept. of Corrections*, 790 F. Supp. 2d 289, 296-97 (M.D. Pa. 2011); *see also Alden v. Maine*, 527 U.S. 706, 750-52 (1999); *Betts v. New Castle Youth Dev. Ctr.,* 621 F.3d 249, 253 (3d Cir. 2010); *Fitchik v .N.J. Transit Rail Operations, Inc.,* 873 F.2d 655, 659 (3d Cir. 1989). "[T]here are only three narrowly circumscribed exceptions to Eleventh Amendment immunity: (1) abrogation by Act of Congress, (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law." *MCI Telecommunication Corp. v. Bell Atlantic-Pennsylvania*, 271 F.3d 491, 503 (3d Cir.2001), *cert. denied*, 537 U.S. 941 (2002); *see also College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board*, 527 U.S. 666, 670 (1999).

Here, the Eleventh Amendment bars Ricker's claims against Defendant DOC. Ricker argues that the third exception to Eleventh Amendment Immunity applies as he only seeks non-monetary relief in the form of an order directing Defendant DOC to overturn the findings

of his misconduct hearing and reinstate his RRRI eligibility. (Doc. 15, at 5). However, such injunctive relief is barred under the Eleventh Amendment because Defendant DOC is a state agency and not a state official. "[D]amages against the DOC [are] barred by the Eleventh Amendment." Walker, 244 F. App'x at 440. Additionally, the prospective injunctive relief exception outlined in *Ex Parte Young* is inapplicable to state agencies. *See Walker,* 244 F. App'x at 440 (citing *Puerto Rico Aqueduct and Sewer Authority v . Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993) (The Eleventh Amendment immunity exception "has no application in suits against the States and their agencies, which are barred regardless of the relief sought."); *see also Ex Parte Young*, 209 U.S. 123 (1908). "States [and] their agencies . . . retain their immunity against all suits in federal court." *Aqueduct*, 506 U.S. 146. As such, Ricker is unable to bring a claim against Defendant DOC for injunctive relief and his claims against it shall be dismissed. (Doc. 1, at 5-6).

### B. FOURTEENTH AMENDMENT DUE PROCESS

Ricker claims that Defendants McKeown and the John Doe Defendants violated his Fourteenth Amendment right to procedural due process through the conducting of and result of Ricker's misconduct hearing. (Doc. 1, at 4-5). Defendants argue that a claim challenging a parole decision "is not the proper subject of a Section 1983 civil right action" and that Ricker's claims are barred under *Heck v. Humphrey*. (Doc. 7, at 7). Additionally, Defendants argue that there is no federal right to parole and even if there was, the "completion of the RRRI program is not a mandatory requirement of parole." (Doc. 7, at 9-10). Ricker responds arguing that *Heck* does not apply because he is not seeking to invalidate his conviction and is "merely seeking his original sentence be honored." (Doc. 15, at 9). Additionally, Ricker states "that

he has a liberty interest in being parole *eligible*" and that the RRRI program requires mandatory release, not discretionary release like parole. (Doc. 15, at 6) (emphasis in original).

First, Defendants allege that Ricker's parole related claim is "not the proper subject of a Section 1983 civil rights action" and that the favorable termination rule in *Heck* applies to Ricker's claim. (Doc. 7, at 7-8). The favorable termination rule stipulates, "[t]o recover damages for allegedly unconstitutional conviction or imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Prisoners cannot challenge the fact or duration of confinement through a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If a prisoner desires to challenge the validity of confinement, the proper avenue is a writ of habeas corpus. *Preiser*, 411 U.S. at 500. A prisoner may challenge the fact or duration of confinement through a § 1983 action only after it has already been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489.

To determine if the fact or duration of confinement is, in fact, being challenged, the Court must ask whether a win for the prisoner on the § 1983 action would necessarily imply that his confinement is invalid. *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006). "[I]f 'the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.'" *Chappelle v. Varano*, No. 4:11-CV-304, 2013 WL 5876173, at *13 (M.D. Pa. Oct. 30, 2013) (quoting *Heck*, 512 U.S. at 487) (emphasis in original). Further, when a plaintiff's challenge to his "condition of confinement [is] such that a finding in plaintiff's favor would not alter his

sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir.2002); *see also Chappelle*, 2013 WL 5876173, at *13. A conflict that centers around the amount of time a prisoner has been or may be held in excess of a valid conviction and sentence is not a challenge to the prisoner's actual conviction. *Chappelle*, 2013 WL 5876173, at *13. *Heck* does not apply when "[t]he disputed period of confinement is both temporally and legally separate from the Plaintiff's actual conviction and sentence." *Chappelle*, 2013 WL 5876173, at *13.

Here, Ricker argues that he "was deprived of a Fourteenth Amendment liberty interest when the DOC rendered him ineligible for RRRI because this increased his minimum sentence and parole eligibility date." (Doc. 1, at 5). Ricker is not challenging the validity of his sentence, but is instead arguing that he is being "held in excess of his valid conviction and sentence." (Doc. 1, at 5); *see Chappelle*, 2013 WL 5876173, at *13. Ricker's claims are "both temporally and legally separate" from his initial conviction. *See Chappelle*, 2013 WL 5876173, at *13. Because Ricker is not challenging the validity of his conviction, his claims are not barred by *Heck* and he may pursue his claims in a § 1983 action. *See Leamer*, 288 F.3d at 542; *Chappelle*, 2013 WL 5876173, at *13.

Next, Defendants argue that "there is no right to parole based in federal law," that the relevant Pennsylvania statue "does not create a mandatory expectation of parole," and that the RRRI program does not automatically mandate parole for an inmate. (Doc. 7, at 8-10). Ricker states that "he has a liberty interest in being parole eligible." (Doc. 15, at 6-8).

The due process clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. In order to allege a claim for due process under § 1983, "a plaintiff must allege that (1)

he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Bourough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (citing *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

Defendants argue that Ricker has failed to allege that he was deprived of an individual liberty interest. (Doc. 7, at 8-10). Specifically, Defendants state that Ricker has neither a constitutional right or state created right to parole and that even if such right existed, the RRRI program does not create an expectancy of parole. (Doc. 7, at 8-10). "Although the Constitution does not create a liberty interest in the expectation of parole . . . a state statute may create a liberty interest by creating an expectation of parole under certain circumstances." *Bonilla v. Vaugh*, No. 97-7440, 1998 WL 480833, at *8 (E.D. Pa. Aug. 14, 1998) (citing *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). A state statute that creates an "expectancy of release" implicates the "procedural safeguards of the Due Process Clause." *Watson v. DiSabato*, 933 F. Supp. 390, 392 (D.N.J. July 10, 1996) (quoting *Greenholtz*, 442 U.S. at 7) (internal citations omitted).

The Pennsylvania statute pertaining to RRRI status states:

"The court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive). If the defendant is eligible, the court shall impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and maximum sentence except, if the defendant was previously sentenced to two or more recidivism risk reduction incentive minimum sentences, the court shall have the discretion to impose a sentence with no recidivism risk reduction incentive minimum."

42 Pa. Stat. and Cons. Stat. Ann. § 9756.

As the RRRI statute contains "shall" language that can be interpreted as creating an "expectancy" of early eligibility to apply for parole, Ricker has adequately pled a liberty interest in his expectation of parole eligibility at this point in the proceedings. *See Watson*, 933 F. Supp. At 392 (finding that a New Jersey parole statute that contained "shall" and "unless" language created "an expectancy of release" and that the plaintiff adequately alleged an interest in his parole eligibility); see also *Greenholtz*, 442 U.S. at 7. Defendants' motion to dismiss regarding Ricker's Fourteenth Amendment claims shall be denied. (Doc. 6).

### C. Defamation Claim

Defendants argue that Ricker's defamation claim against Defendant Pieczynski "is a state law claim for which . . . Defendant [Pieczynski] is protected by sovereign immunity." (Doc. 7, at 11). Defendants state that immunity of officials or employees of the Commonwealth of Pennsylvania from lawsuits is only waived under limited circumstances and those circumstances do not apply here. (Doc. 7, at 11). Ricker contends that Defendant Pieczynski acted with willful misconduct due to the nature of his defamation allegation and that immunity from state law claims does not apply when the defendant acted with "actual malice or willful misconduct." (Doc. 15, at 9-10).

Under Pennsylvania's general provisions, "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. C.S.A. § 2310. Immunity still applies to suits alleging defamation against state actors acting within the scope of their employment. *See Connors v. Connors*, No. 3:07-CV-2186, 2008 WL 2020322, at *8 (M.D. Pa. May 7, 2008) (examining *Boatin v. Metcalf*, 7 Pa. D. & C. 4th 382, 383 (Com. Pl. 1990)). However, sovereign immunity

has been waived by the Commonwealth of Pennsylvania in certain circumstances. 42 Pa. C.S.A. § 8522. Those circumstances are exclusively: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines, and (10) sexual abuse. 42 Pa. C.S.A. § 8522. Although "[s]overeign immunity extends only to Commonwealth employees acting within the scope of their duties," Ricker has sufficiently pled a claim of defamation against Defendant Pieczynski. *See Halstead v. Motorcycle Safety Foundation Inc.*, 71 F. Supp. 2d 464, 474 (E.D. Pa. 1999) (citing *Fitzpatrick v. Pa. Dept. of Transp.*, 40 F. Supp. 2d 631, 636 (E.D. Pa. 1999)). At this time, the Court cannot determine whether Defendant Pieczynski engaged in defamatory conduct against Ricker or if such conduct was within the scope of her employment. "Therefore, a question exists as to whether [Defendant Pieczynski was] acting within the scope of [her] duties. *See Connors, 2008 WL 2020322*, at *9; *Halstead*, 71 F. Supp. 2d, at 474; *see also* 1 Pa. C.S.A. § 2310. Thus, Defendants' motion to dismiss regarding sovereign immunity is denied. (Doc. 6). However, the argument of sovereign immunity may be revisited if appropriate later on in the proceedings. *See Halstead*, 71 F. Supp. 2d at 474.

### D. Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d

Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). The Court shall grant Ricker leave to amend his complaint in an attempt to cure the deficiency outlined herein. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Grayson,* 293 F.3d at 108. Ricker may amend his complaint regarding his *Monell* Liability claim against Defendant DOC and name an individual defendant, if applicable. (Doc. 1, at 5).

Ricker is advised that the amended complaint must be a pleading that stands by itself without reference to the original complaint. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). If the Court does not receive an amended complaint from Ricker on or before the deadline prescribed below, this action will proceed on his original complaint.

## IV. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part. (Doc. 6). Ricker is directed to file an amended complaint on or before **Tuesday, March 8, 2022**, or the Court will proceed on the originally filed complaint.

An appropriate Order follows.

BY THE COURT:

Dated: February 22, 2022

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**