UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID RICKER,<br><br>          Plaintiff,<br><br>    v.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS, C.J. MCKEOWN, LPN PIECZYNSKI and JOHN AND JANE DOE(S) I-V,<br><br>          Defendants. | CIVIL ACTION NO. 3:21-CV-00467<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a motion to compel plaintiff to sign and file a stipulation of voluntary dismissal filed by George Little ("Little"), Kevin Ransom ("Ransom"), C.J. Mckeown ("Mckeown"), LPN Pieczynski ("Pieczynski") (collectively "Defendants"). (Doc. 51). This civil rights action was initiated by plaintiff-prisoner David Ricker ("Ricker") on March 16, 2021. (Doc. 1). The operative amended complaint was filed on March 8, 2022. (Doc. 21). For the following reasons, Defendants' motion to compel will be **GRANTED**. (Doc. 51).

**I.**     **BACKGROUND AND PROCEDURAL HISTORY**

Because the Court writes primarily for the parties, the following background will be limited to what is immediately relevant to the instant motion. In Ricker's amended complaint, he alleges Defendants violated his due process rights by failing to administer him a fair misconduct hearing while incarcerated at State Correctional Institution at Dallas ("SCI Dallas"). (Doc. 21, at 2-4). During the allegedly unconstitutional hearing, Ricker was found guilty of assault. (Doc. 21, at 4). As this litigation has progressed, the parties have engaged in

meaningful settlement conversations. The parties now report that they executed a settlement agreement on August 2, 2023. (Doc. 52, at 2; Doc. 59, at 2). Under the terms of the settlement agreement, Defendants were to provide Ricker with a new misconduct hearing and remand their previous decision, and Ricker was to file a stipulation of voluntary dismissal. Ricker's new misconduct hearing was held on September 13, 2023. (Doc. 52, at 3). As of the date of this filing, Ricker has not filed his stipulation of voluntary dismissal. Thus, the case remains open before this Court.

Defendants filed the instant motion to compel Ricker to file a voluntary dismissal, along with a brief in support, on April 5, 2024. (Doc. 51; Doc. 52). Ricker filed a motion for leave to file his opposition brief *nunc pro tunc* along with his brief on October 28, 2024. (Doc. 58; Doc. 59). This Court granted Ricker's motion on October 29, 2024. (Doc. 62). No reply brief has been filed. Accordingly, the matter is ripe for disposition. (Doc. 51; Doc. 52; Doc. 58; Doc. 59).

**II.    LEGAL STANDARD**

"The validity and enforceability of settlement agreements is governed by state contract law." *Shell's Disposal and Recycling, Inc. v. City of Lancaster*, 504 Fed. App'x 194, 200 (3d Cir. 2012). "Where a settlement agreement contains all of the requisites for a valid contract, a court must enforce the terms of the agreement." *Hydrojet Services, Inc. v. Reading Area Water Authority*, 220 A.3d 1199, 1204 (Pa. Commw. Ct. 2019). A contract in Pennsylvania must conform to a "three-part test to determine whether an agreement is enforceable: 1) whether both parties manifested an intention to be bound by the agreement; 2) whether the terms of the agreement are sufficiently definite to be enforced; and 3) whether there was consideration." *Jenkins v. County of Schuylkill*, 658 A.2d 380, 650 (Pa. Super. Ct. 1995). "An

2

agreement to settle a [lawsuit], voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970). However, "settlement agreements are not enforceable 'if the terms are 'ambiguous or poorly defined' such that it is 'impossible to understand' the parties' agreement.'" *Mallory v. Wells Fargo Bank, N.A.*, 688 F. Supp. 3d 218, 221 (M.D. Pa. 2023) (citations omitted).

"Motions for enforcement of settlement agreements resemble motions for summary judgment." *Leonard v. University of Delaware*, 204 F. Supp. 2d 784, 786 (D. Del. 2002) (*citing Tiernan v. Devoe*, 923 F.2d 1024, 1031-2 (3d Cir. 1991)). "The court must treat all the non-movant's assertions as true, and 'when these assertions conflict with those of the movant, the former must receive the benefit of the doubt.'" *Leonard*, 204 F. Supp. 2d at 786 (*quoting Tiernan*, 923 F.2d at 1032)). "This is not mere coincidence. The stakes in summary enforcement of a settlement agreement and summary judgment on the merits of a claim are roughly the same—both deprive a party of his right to be heard in the litigation." *Dugan v. O'Hara*, 125 F. Supp. 3d 527, 535 (E.D. Pa. 2015) (*quoting Tiernan*, 923 F.2d at 1032)).

## III. DISCUSSION

As an initial matter, this Court addresses its jurisdiction to hear this dispute. Because there has been no dismissal order filed in this case, the Court retains subject matter jurisdiction to review the instant motion.[1] Accordingly, the Court will construe Defendant's motion to

---

[1] This Court considered the Third Circuit's holdings in *Shaffer v. GTE N., Inc.*, 284 F.3d 500 (3d Cir. 2002), *Shell's Disposal & Recycling, Inc. v. City of Lancaster*, 504 F. App'x 194 (3d Cir. 2012) and *Bryan v. Erie Cnty. Off. of Child. & Youth*, 752 F.3d 316 (3d Cir. 2014), as well as the Supreme Court's decision in *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) in reviewing its authority to resolve the instant
*(footnote continued on next page)*

3

compel Ricker to comply with the terms of the settlement agreement as a motion to enforce the settlement agreement and, under Pennsylvania contract law, will make a determination on the merits.

Under Pennsylvania law, "[c]ontract interpretation is a question of law that requires the court to ascertain and give effect to the intent of the contracting parties as embodied in the written agreement." *In re Old Summit Mfg., LLC*, 523 F.3d 134, 137 (3d Cir. 2008) (*quoting Dep't of Transp. v. Pa. Indus. for the Blind & Handicapped*, 886 A.2d 706, 711 (Pa. Commw. Ct. 2005)); *see also Pa. Env't Def. Found. v. Pennsylvania*, 255 A.3d 289, 304 (Pa. 2021). Courts applying Pennsylvania law are required to give effect to a contract's clear and unambiguous language. *401 Fourth Street, Inc. v. Invs. Ins. Grp.*, 879 A.2d 166, 171 (Pa. 2005); *see also Wilson v. Hartford Cas. Co.*, 492 F. Supp. 3d 417, 426 (E.D. Pa. 2020). "Only where the writing is ambiguous may the factfinder examine all the relevant extrinsic evidence to determine the parties' mutual intent." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 613 (3d Cir. 1995). A contract's terms "are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts." *Madison Constr. Co. v. Harleysville Mut.*

---

motion. Both the Third Circuit and Supreme Court have found that once a dismissal order has been filed, the Court no longer has subject matter jurisdiction to hear disputes arising from the enforcement of the parties' settlement agreement. "Generally, if a federal court dismissed the original action due to settlement of the claims, a later motion for enforcement of the settlement is purely a matter of state contract law, and the federal court must have 'some independent basis for federal jurisdiction' to resolve the dispute." *Shell's Disposal & Recycling*, 504 F. App'x at 198 (quoting *Kokkonen*, 511 U.S. at 380-81. However, here, the Court has not entered a closing order. Where "the parties adopt a settlement agreement but their case is not dismissed by the court, the court retains subject matter jurisdiction to adjudicate issues that arise in finalizing and enforcement of the agreement." *McNeilly v. City of Pittsburgh*, 40 F. Supp. 3d 643 (W.D. Pa. 2014) (citing *Bryan*, 752 F.3d at 322).

.

*Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999); *see also Atain Ins. Co. v. East Coast Bus. Fire, Inc.*, No. 17-CV-2545, 2018 WL 637579, at *2 (E.D. Pa. Jan. 31, 2018) ("Contract language is ambiguous if it is reasonably capable of more than one meaning.").

Ricker and the Defendants agree that the executed settlement agreement is a valid and binding contract. (Doc. 52, at 5-6; Doc. 59, at 2-3; Doc. 60-2). Per the settlement agreement, in exchange for the voluntary dismissal of this action, Defendants agreed to grant Ricker a new misconduct hearing during which he would be offered an opportunity to call witnesses and testify on his own behalf. (Doc. 60-2, at 3). In accordance with the settlement agreement, Defendants held this new misconduct hearing before Hearing Officer Williams on September 13, 2023. (Doc. 52, at 3). Ricker was again found guilty of assault. (Doc. 52, at 3). Having been denied an opportunity to timely appeal this decision, Ricker now refuses to file the bargained for stipulation of dismissal. (Doc. 60-2, at 5). Riker submits that Defendants breached the settlement agreement by obstructing his timely appeal. (Doc. 59). According to Defendants, they fulfilled the terms of the settlement agreement by granting Ricker a new misconduct hearing, as the settlement agreement contains no language requiring them to offer him an appeal in exchange for him filing the voluntary dismissal. (Doc. 52).

At the center of this disagreement is the parties' different interpretations of the Paragraph 6 of the agreement, which states:

> The Parties agree that the disposition of the remanded misconduct hearing by Hearing Examiner Williams will be considered a final decision on the merits. As such, the Parties further agree that should the Hearing Examiner find, by a preponderance of the evidence, Plaintiff is guilty of charge #1 Assault, then the misconduct will remain on Plaintiff's misconduct history. The Parties further agree that should the Hearing Examiner find, by a preponderance of the evidence, Plaintiff is not guilty of charge #1 Assault, the misconduct will be removed from Plaintiff's misconduct history within thirty (30) days of the hearing.

(Doc. 52, at 6; Doc. 60-2, at 4).

Ricker maintains that because he was not offered a timely appeal of the Hearing Officer's decision, there was no "final decision on the merits." (Doc. 59, at 4). He argues, "it does not flow from the settlement agreement's use of the term 'final order' that it is clear and unambiguous that an appeal would be disallowed. Rather, under Pennsylvania law, it would appear that would be a requirement to appeal." (Doc. 59, at 4). Defendants respond that under the unambiguous terms of the settlement agreement, they satisfied their end of the bargain by granting Ricker another misconduct hearing before Hearing Examiner Williams. (Doc. 52, at 6). Further, Defendants state that there is no language in the settlement agreement that suggests an appeal is required for a "final decision on the merits." (Doc. 52, at 6). Thus, Defendants proffer that Ricker should be compelled to file his stipulation of dismissal because "[r]eference to the finality of the Hearing Examiner's decision disposes of any reasonable interpretation of a right to appeal." (Doc. 52, at 6). Under the unambiguous terms of the settlement agreement, the Court agrees.

The clear and unambiguous language of the settlement agreement explicitly provides that Hearing Examiner Williams's decision "will be considered a final decision on the merits." (Doc. 60-2). No part of the settlement agreement refers to a compulsory appeal. (Doc. 60-2). Thus, Defendants did not breach the settlement agreement by denying Ricker a timely appeal. (Doc. 60-2, at 4). By extending Ricker an opportunity to re-do his misconduct hearing before Hearing Officer Williams, Defendants upheld their end of the bargain.[2]

---

[2] While Ricker complains that he was denied a timely appeal, he was ultimately permitted to appeal Hearing Officer Williams' decision on November 30, 2023. (Doc. 52, at 3). Thus, he received the relief he appears to seek in refusing to file his stipulation of voluntary dismissal.

The Court acknowledges the drafts of the settlement agreement submitted by Ricker to support his argument that, in entering into the settlement agreement, he intended to preserve his right to appeal. (Doc. 60-1; Doc. 60-2). However, the Court cannot consider extrinsic evidence of the parties' intent absent ambiguity. *Columbia Gas Transmission, LLC v. 520.32 Acres*, 188 F. Supp. 3d 500, 507 (W.D. Pa. 2016). In cases where no such ambiguity exists, it is parties' "outward and objective manifestations of assent, as opposed to their undisclosed and subjective intentions, that matter.'" *Columbia Gas Transmission, LLC*, 88 F. Supp. 3d at 507 (quoting *Ingrassia Const. Co. v. Walsh*, 337 Pa. Super. 58, 66, 486 A.2d 478 (1984)); *see also Tedesco Mfg Co. v. Honeywell Int'l, Inc.*, 127 F. App'x 50, 52 (3d Cir. 2005) ("A settlement agreement is a contract, and familiar principles of contract law govern this case"). Under Pennsylvania law, the Court is required to enforce the plain language of the settlement agreement. *Wilson*, 492 F. Supp. 3d at 426 ("a court applying Pennsylvania law is required to give effect to that language."). Plainly, the settlement agreement makes no reference to an appeal, in connection with a final decision on the merits or otherwise. Absent such language, the Court cannot read an additional duty into the settlement agreement for Defendants to provide Ricker with an appeal or distort the words of the agreement to reflect something other than their original meaning. Accordingly, the Court finds the settlement agreement is enforceable against Ricker. *Cf. Columbia Gas Transmission, LLC v. 520.32 Acres*, 188 F. Supp. 3d 500 (W.D. Pa. 2016) (granting a motion to enforce settlement and finding the settlement agreement was enforceable where the terms were sufficiently definite). Having determined the settlement agreement is enforceable, Ricker will be directed to file his voluntary dismissal in accordance with Paragraph 12 of the settlement agreement.

## IV. CONCLUSION

Based on the foregoing, Defendants' motion to compel will be **GRANTED**. (Doc. 51). Ricker is **DIRECTED** to file his voluntary dismissal in accordance Paragraph 12 of the settlement agreement.

An appropriate Order follows.


Dated: March 14, 2025                                                   *s/ Karoline Mehalchick*
                                                                      **KAROLINE MEHALCHICK**
                                                                       **United States District Judge**